IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROY C. WILCOX, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-13-CV-734-XR |
| | § | |
| WELLS FARGO BANK, N.A. and US | § | |
| BANK N.A. AS TRUSTEE FOR WELLS | § | |
| FARGO MORTGAGE BACKED | § | |
| SECURITIES 2008 1R-TRUST, | | |
| | | |
| *Defendants*. | | |

**ORDER**

On this day, the Court considered Plaintiff's motion titled "Plaintiff's Motion for Defendants to Comply with Court Issued Restraining Order" (docket no. 9). After consideration, the Court DENIES the motion.

On August 2, 2013 Plaintiff filed in state court an application for temporary restraining order and received, *ex parte*, a restraining order from the 407th Judicial District Court of Bexar County, Texas. Docket No. 9, Ex. A. Plaintiff was represented by counsel at that time. The order restrains Defendants from conducting a foreclosure sale of property allegedly owned by Plaintiff "until a hearing can be held on Plaintiff's application for temporary injunction." *Id.* at 2. The order sets a temporary injunction hearing for August 16, 2013. *Id.* at 3. The restraining order also states that Defendants are "enjoined from the date of entry of this order until and to the fourteenth day after entry or until further order of this court." *Id.* at 2–3.

On August 15, 2013, Defendants filed a general denial in state court and removed the action to this Court. Docket No. 1. Now, Plaintiff, acting *pro se*, petitions the court to restrain Defendants from conducting a foreclosure sale in alleged violation of the August 2, 2013 state-

court restraining order. Docket No. 9.  Defendants allegedly have scheduled a sale for December 3, 2013. *Id.* at 2.

The state-court restraining order by its terms expired fourteen days after entry. Docket No. 9, Ex. A at 2–3; *see also* TEX. R. CIV. P. 680 ("Every temporary restraining order . . . shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.").  Since the state-court restraining order was entered on August 2, 2013, regardless of the wording in the order, it expired as a matter of law on August 16, 2013.

Further, the Court finds that Plaintiff is not entitled to the issuance of a temporary restraining order by this Court. *See* FED. R. CIV. P. 65(b).  Federal Rule of Civil Procedure 65 provides that a court, "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*Id.* at 65(b)(1).  Additionally, the movant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest."

*Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Miranda v. Wells Fargo Bank, N.A.*, 3:13-CV-2217-L, 2013 WL 3230672 (N.D. Tex. June 27, 2013).  Here, Plaintiff has not provided a description of his efforts to confer with Defendants, nor has he explained why Defendants should not be heard in opposition.  Additionally, Plaintiff has not explained why he waited until November 27, 2013 to file his motion, when this case has been pending before the Court since August 15, 2013.  Plaintiff also has not shown a substantial likelihood of success on the merits of his claims.  His state-court petition challenges Defendants' authority to foreclose.  Plaintiff has not presented sufficient evidence to support his claims or explained why his claims should survive, unlike similar claims rejected by the Fifth Circuit. *See e.g. Martins v. BAC Home Loans Servicing L.P.*, 722 F.3d 249 (5th Cir. 2013).

        Accordingly, Plaintiff's motion (docket no. 9) is DENIED.

        It is so ORDERED.

        SIGNED this 2nd day of December, 2013.

                                                  XAVIER RODRIGUEZ
                                                  UNITED STATES DISTRICT JUDGE